299 F.2d 220
 UNITED STATES ASSOCIATION OF CREDIT BUREAUS, INC., a
corporation, and John W. Burns, and Harold E.
Holder, individually and as officers of
said corporation, Petitioners,
v.
FEDERAL TRADE COMMISSION, Respondent.
 No. 13472.
 United States Court of Appeals Seventh Circuit.
 Feb. 14, 1962.
 
 Edward W. Rothe, Hopkins, Sutter, Owen, Mulroy & Wentz, Chicago, Ill., for petitioners.
 J. B. Truly, Asst. Gen. Counsel, Thomas F. Howder, Federal Trade Commission, Washington, D.C., James McI. Henderson, Gen. Counsel, Washington, D.C., for respondent.
 Before DUFFY, CASTLE and SWYGERT, Circuit Judges.
 DUFFY, Circuit Judge.
 
 
 1
 This is a petition to review a cease and desist order of the Federal Trade Commission issued at the close of an administrative proceeding wherein petitioners were charged with unfair and deceptive acts and practices in violation of the Federal Trade Commission Act (15 U.S.C.A. 41 et seq.).
 
 
 2
 In the complaint it was alleged that petitioners, through the use of the trade name 'United States Association of Credit Bureaus, Inc.' falsely represented their collection agency to be an association of credit bureaus. Also, that petitioners' use of the name 'United States' in connection with a facsimile of the American Eagle and a shield, the upper portion of which contains stars on a blue background and the lower portion of which bears the legend
 
 U S A
 
 3
 of
 
 C B
 
 4
 upon a red background, falsely represented petitioner as being in some manner connected or associated with the United States Government.
 
 
 5
 Additional charges were the petitioners, in order to induce the assignment of delinquent accounts to them for collection, falsely represented by oral statements made by the solicitors and by advertising material, that 1) their business is separated into functional divisions such as credit reporting, tracing, analyzing and collecting, whereas such divisions exist in name only; 2) they employ local representatives, regional investigators, correspondents and lawyers on their personnel staff in various states, whereas petitioners employ no local representatives outside of the Chicago area; 3) personal calls are made on debtors whereas such personal calls are rarely made; 4) if no collections are made on specified accounts there will be no charge thereon, whereas usually a listing fee is charged; 5) fees are charged in excess of that represented to creditors by petitioners' solicitors, which charges, at times, exceed fifty percent; 6) petitioners furnish credit reports to parties, in fact, they counts to them whereas, in fact, they furnish no such reports.
 
 
 6
 The hearing examiner found in favor of petitioners herein no most of the charges. However, he did recommend an order requiring that petitioners cease and desist from representing a) that they make personal calls on debtors to collect accounts; b) that no charge will be made unless the accounts are collected; c) that the collection fee is less than any actually to be charged or retained. He also recommended restrictions as to 'skip-tracing.'
 
 
 7
 Both sides appealed to the Commission which sustained the examiner insofar as his findings were adverse to petitioners herein, but reversed his findings that most of the charges in the complaint had not been sustained. The Commission entered a cease and desist order covering all of the charges of the complaint.
 
 
 8
 The corporate petitioner is an Illinois corporation. John W. Burns and Harold E. Holder are president and secretary-treasurer respectively of the corporation, and together with Holder's wife, own all of the capital stock. Burns had the primary responsibility for formulating and carrying out the policies of the corporation.
 
 
 9
 Petitioners are engaged in the business of collecting delinquent accounts for business concerns and professional men located in various parts of the United States. Such customers are secured primarily through twelve solicitors employed on a commission basis and who call on such customers in the various states.
 
 
 10
 Petitioners furnish these solicitors with contract forms called 'listing sheets' which provide for the listing of each delinquent account by creditorcustomer. Brochures were used by the solicitors, one page of which contained a map of the continental United States in flaming red upon which appeared many hundreds of small blue dots. In large headlines above the map appeared, 'POINTS FROM WHICH YOU CAN HAVE PERSONAL SERVICE ON YOUR ACCOUNTS THRU BONDED COLLECTORS AND INVESTIGATORS.' Even sparsely populated Nevada had twenty-eight such dots, while in many other states they were too numerous to be separately counted. No state was neglected.
 
 
 11
 There is substantial evidence in the record to support the following findings: The corporate petitioner is not a credit bureau or an association of credit bureaus; the corporate structure is a single-office collection agency which collects delinquent accounts by mail; petitioners' business is not organized into separate functional departments; petitioners do not employ local representatives and regional investigators on their personnel staff in various parts of the United States.
 
 
 12
 There is also substantial evidence in the record to support the Commission's findings that petitioners use of the name 'United States' in connection with the insignia hereinbefore described, directly or by implication represented that they were, in some manner, connected with or are an agency of the United States Government, and that such representations were false. Likewise supported is the finding that petitioners have engaged in the practice of misrepresenting the amount of their collection fees.
 
 
 13
 Petitioners object to many parts of the Commission's order. In view of the fact that the Commission has considerable latitude in its choice of remedies to prevent unfair and deceptive trade practices, Jacob Siegel Company v. Federal Trade Commission, 327 U.S. 608, 66 S.Ct. 758, 90 L.Ed. 888, these objections will be overruled except in the respects hereinafter discussed.
 
 
 14
 We think Section 4(d) of the order is not tailored to fit the findings made. It provides that petitioners desist from representing that 'no charges will be made for accounts unless they are collected.' To avoid being arbitrary, the section should contain the additional words 'unless such statement is true.'
 
 
 15
 Section 4(e) of the order is ambiguous. Petitioners claim it would prevent them from off-setting amounts due from a client against amounts due to a client. The Commission argues its order does not prohibit this right of set-off. We think the order is ambiguous, but that such ambiguity can be cured by eliminating the words 'or retaining.'
 
 
 16
 Section 6 of the order should be eliminated. It refers to printed 'skip-tracing' forms or cards used to locate delinquent debtors. Petitioners originally had used so-called professional 'skiptracing forms, but had discontinued same when they received information that the Federal Trade Commission objected thereto. They then used some forms which they prepared and which petitioners believed avoided the language and representations to which the Commission objected. The hearing examiner found these forms were not deceptive. The Commission did not specifically rule to the contrary but framed its order so as to require affirmative disclosure that the purpose of any such forms used by the corporate petitioner is the collection of a debt.
 
 
 17
 An affirmative disclosure order usually is reserved for circumstances when the respondent has been guilty of flagrant abuses. It is significant that the petitioners' own forms were not attacked in the Commission's complaint as being deceptive.
 
 
 18
 There is another reason why we think the suggested affirmative disclosure is arbitrary and should not be enforced. The 'skip-tracing' forms are sent to a debtor's employer or neighbors or other acquaintances, either to locate him or to provide information concerning his capacity to pay. To require that the petitioners must say the information requested is for debt-collection purposes might well subject the corporate petitioner to a libel suit for defaming the debtor's credit reputation, if the debtor happened to have valid defense to the claim, or if there were a mistake in identity.
 
 
 19
 The order of the Federal Trade Commission, modified as hereinbefore indicated, will be
 
 
 20
 Enforced.